**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

THE ESTATE OF ORVILLE C. HARRIS, )
deceased, by and through JOANN MOEGE, )
as Special Administratrix of the Estate and )
on behalf of the Heirs-at-Law of ORVILLE )
C. HARRIS, deceased, )
                                                    )
            **Plaintiff,**           )
                                                    )
v.                                                    )        Case No. 09-1012-JTM
                                                    )
ALTERRA HEALTHCARE )
CORPORATION, d/b/a Sterling House of )
McPherson, )
                                                  )
            **Defendant.**         )
                                                  )
_____)

## **MEMORANDUM AND ORDER**

Plaintiff's motion to compel production of certain documents and interrogatory answers was taken under advisement pending an *in camera* review of certain documents. Memorandum and Order, Doc. 48, p. 6. The court has reviewed the documents *in camera* for "factual information" consistent with Adams v. St. Francis Regional Medical Center, 264 Kan. 144 (1998), and orders defendant to produce the following documents to plaintiff's counsel:

      1. Joan Diehl's February 5, 2007 typed statement;

      2. Steven Stark's handwritten statement;

      3. Calleen Reeves' handwritten statement;

      4. Renae Moyer's handwritten statement;

      5. Tonya Paxman's two handwritten statements; and

      6. Sharon Paxman's handwritten statements.[1]

These documents were created shortly after the alleged negligence surrounding the care and treatment of Mr. Harris and contain information that is not otherwise available to plaintiff.[2]

**IT IS THEREFORE ORDERED** that defendant shall produce the above listed documents to plaintiff by **July 29, 2010.**[3]

Dated at Wichita, Kansas this 20th day of July, 2010.

                                               S/Karen M. Humphreys
                                               KAREN M. HUMPHREYS
                                               United States Magistrate Judge

---

[1] The remaining documents (1) reflect the "decision-making, conclusions and final decisions" of defendant's investigation and disciplinary actions which plaintiff concedes should be redacted or (2) contain no information relevant to the material factual and legal issues in the case and need not be produced.

[2] For example, one of the documents contains a nurse's recitation of comments allegedly made by Mr. Harris while being treated for chest pain. Mr. Harris is dead and the written statement contains factual information not otherwise available to plaintiff. Another written statement indicates that certain documents concerning Mr. Harris were "shredded" shortly after his death. Plaintiff would have no reason to know about the destruction of documents absent the written statement. Most importantly, the witness statements were prepared a few days after Mr. Harris's death and, even in that short period of time, reveal troubling discrepancies by witnesses concerning the care and treatment provided to Mr. Harris in January 2007. The memories of the key witnesses would undoubtedly contain even less information and detail three and a half years later.

[3] Defendant's privilege log leaves much to be desired. However, the court finds it unnecessary to address the timeliness and adequacy of the privilege log at this time.