# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| THE ESTATE OF ORVILLE C. HARRIS, deceased, by and through JOANN MOEGE, as Special Administratrix of the Estate and on behalf of the Heirs-at-Law of ORVILLE C. HARRIS, deceased,<br><br>    Plaintiff,<br><br>v.<br><br>ALTERRA HEALTHCARE CORPORATION, d/b/a Sterling House of McPherson,<br><br>    Defendant. | Case No. 09-1012-JTM |

## MEMORANDUM AND ORDER

This matter is before the court on the Kansas Department of Labor's motion to quash a record subpoena issued by plaintiff for transcripts of an unemployment compensation hearing. (Doc. 76).[1] As explained in greater detail below, the motion shall be GRANTED.

## Background

Orville Harris was a patient/resident in defendant's nursing home in McPherson,

---

[1] The Department of Labor also seeks a protective order from any other discovery requests for the transcripts.

Kansas. Highly summarized, plaintiff alleges that Mr. Harris reported chest pains the morning of January 26, 2007 and defendant's staff observed that his lips were blue and he had trouble breathing. Notwithstanding these observations, defendant's "nurse-in-charge" denied requests by other employees to call 911 and treated Mr. Harris for indigestion. In response to continued complaints of chest pain, the nurse-in-charge had Mr Harris placed in a recliner the night of January 26 and morning of January 27. Employees at the nursing home were finally allowed to call an ambulance for Mr. Harris on the evening of January 28, 2007. Mr. Harris had, in fact, suffered a heart attack and died January 31, 2007. Plaintiff alleges that defendant was negligent and made fraudulent representations concerning the care and treatment provided to Mr. Harris.

**Motion to Quash**

Brandi Groote, the "nurse-in-charge" of Mr. Harris' care during the relevant time period, was terminated after defendant conducted an investigation. Ms Groote apparently sought unemployment benefits and an administrative hearing pursuant to Kansas law was held on March 27, 2007. Plaintiff recently served the Kansas Department of Labor (the "KDL") with a records subpoena for the transcript of the administrative hearing and, as noted above, the state agency moves to quash and for a protective order.

KDL moves to quash, arguing that the requested transcript is confidential and not discoverable for use in this case. The court agrees. Because the claims in this case are based on state law, the privilege of a witness, government, state, or political subdivision is

determined in accordance with state law. Fed. R. Evid. 501. K.S.A. 44-714(f) in turn provides that the information obtained pursuant to the "Employment Security Law" is confidential and "the transcript made at any such benefits hearing ***shall not be discoverable*** or admissible in evidence in any other proceeding, hearing, or determination of any kind or nature." (Emphasis added).

Plaintiff attempts to sidestep the language of K.S.A. 44-714(f) prohibiting discovery of the hearing transcript by arguing that the Estate merely seeks "release" of the transcript to refresh the recollection of Joan Diehl, another witness in this case. This argument is unpersuasive because plaintiff's subpoena and any related order for production still constitutes "discovery" even if characterized as a "release to refresh the recollection of a witness."

Plaintiff also argues that the transcript is discoverable because a federal question "might" develop in this case and the issue of privilege would then be governed by federal common law. This argument is also rejected. There is no federal question or claim in the case at this time and state law clearly governs the substantive claims in this case. As noted above, the circumstances require that the court look to state law to resolve any evidentiary privilege issues.

Finally, plaintiff argues that the transcript should be produced as a matter of public policy because the evidence is very important to this case. The court appreciates plaintiff's efforts to gather evidence that sheds additional light on the circumstances surrounding the care and treatment provided to Mr. Harris. However, plaintiff cites no legal authority for the

suggestion that this court can disregard K.S.A. 44-417(f) as "a matter of public policy." Accordingly, KDL's motion to quash and for a protective order shall be granted.

**IT IS THEREFORE ORDERED** that the KDL's motion to quash and for a protective order **(Doc. 76)** is **GRANTED.**

**IT IS SO ORDERED.**

Dated at Wichita, Kansas this 7th day of December 2010.

S/ Karen M. Humphreys  
KAREN M. HUMPHREYS  
United States Magistrate Judge